UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROBERTO MAMANI,                                  :
                                                 :
                          Plaintiff,             :
                                                 :          13-CV-7002 (KMW) (JCF)
              -against-                          :          **OPINION & ORDER**
                                                 :
LUIS LICETTI ET AL.,                             :
                                                 :
                          Defendants.            :
-------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

On October 2, 2013, Roberto Mamani ("Plaintiff") filed a Complaint, alleging violations of the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL"). (Compl. [Dkt. No. 1]). Plaintiff alleged that his former employer, Defendant Duraclean Home Services, Inc. and its owner, Defendant Luis Licetti (collectively, "Defendants"), failed to pay Plaintiff New York State or Federal minimum wage, one and one-half times his regular rate of pay for hours worked in excess of forty hours per workweek, and a spread of hours premium when his workdays lasted ten or more hours. (*Id.* ¶¶ 19, 23, 25). Plaintiff also alleged that Defendants did not provide him with a written notice of his rate of pay and did not keep proper payroll records. (*Id.* ¶¶ 26–27).

On March 7, 2014, the parties and their counsel agreed upon terms of a settlement, (Settlement Agreement, Ex. C at 22), and on April 21, 2014, the parties signed a written Confidential Settlement Agreement and General Release ("the Settlement Agreement"), (*id.* at 17). Among other things, the Settlement Agreement contains a confidentiality provision under which Plaintiff agrees to keep the existence, terms, and events leading up to the settlement confidential. (*Id.* ¶ 9). Pursuant to the FLSA, the parties have submitted the Settlement

1

Agreement to the Court for its approval. In an accompanying letter, the parties aver that the Settlement Agreement is fair, and they request that their letter and the Settlement Agreement "remain under seal." (*Id.* Ex. C at 23).

For the reasons set forth below, the parties' request for approval of the Settlement Agreement in its current form is DENIED.

## I.   Discussion

### A.  Settlement Amount

"The FLSA places strict limits on an employee's ability to waive claims ... for fear that employers would coerce employees into settlement and waiver." *Le v. SITA Info. Networking Computing USA, Inc.*, 07-CV-86, 2008 WL 724155 at *1 (E.D.N.Y. Mar. 13, 2008) (internal quotation marks omitted). "Accordingly, under the FLSA, an employee may not waive or settle claims for unpaid wages unless the settlement is: (1) supervised by the Secretary of Labor or (2) judicially stipulated and approved." *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012). "In the latter case, before a district court enters judgment, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable," *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (Furman, J.), and ask whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching," *Le*, 2008 WL 724155, at *1 (internal brackets and quotation marks omitted).

Before a court will find a settlement fair and reasonable, the parties "must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The "employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages," and "[i]f the parties

2

dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage." *Id.* at 1241–42.

The parties request that that the Court approve the Settlement Agreement because (1) counsel for both parties are experienced in the field of wage and hour law, including the FLSA and the New York State Labor Law, (Settlement Agreement, Ex. C at 22); (2) the settlement "will enable the parties to avoid the anticipated burdens and expenses of the parties establishing/defending against such claims," (*id.*), (3) the parties "began discovery in this matter, the parties' respective counsel interviewed their respective clients, and the parties exchanged various documents," (*id.*), and (4) "Plaintiff did not have any certainty of prevailing in this matter as Defendant contends and intended to show that Plaintiff was not owed any monies, and even if Plaintiff were to prevail, his possible range of recovery does not exceed the amount of the settlement," (*id.* at 22–23).

The parties have failed to provide the Court with enough information about the bona fides of the dispute for the Court to determine whether the settlement amount is fair and reasonable. For example, although the parties dispute the amount that Plaintiff is owed (or whether Plaintiff is owed anything at all), the parties do not provide the Court with each party's estimate of the number of hours worked or the applicable wage. Accordingly, the Court cannot approve the Settlement Agreement at this time.

### B.  Confidentiality Provision and Sealing Request

The common law right of public access attaches to any judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Normally, a settlement agreement is not considered a judicial document; however, because in FLSA cases settlement agreements must be judicially approved, many courts have held that FLSA settlement agreements are judicial

documents subject to the common law right of access.  *See, e.g.*, *Wolinsky*, 900 F. Supp. 2d at 337–38; *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646–47 (S.D.N.Y. 2011) (Holwell, J.) (collecting cases).  Thus many courts have held that an FLSA settlement cannot be sealed or kept confidential "absent some showing that overcomes the presumption of public access." *See, e.g., Joo*, 763 F. Supp. 2d at 647.

  Here, the parties cite the following reasons for keeping the Settlement Agreement sealed: (1) Defendants' need for confidentiality exceeds the public interest, and (2) if Defendants cannot be assured of confidentiality, Defendants may decide to not to settle this case.  (Settlement Agreement, Ex. C at 23).  The parties do not set forth any argument supporting the confidentiality provision.  The Court therefore assumes the confidentiality provision has been included for the same reasons that the parties make their sealing request.

  The first reason is conclusory and therefore insufficient to overcome the presumption of public access.  *Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, 08 Civ. 6519, 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009) (Castel, J.) ("Conclusory statements in a memorandum of law are insufficient to overcome the presumption of access.").

  The second reason is also insufficient to overcome the presumption of public access.  As explained by the Court in *Bouzzi v. F & J Pine Restuarant, LLC*:

> [T]he legislative intent of the FLSA is to encourage employers to enter into wage settlements; however, confidentiality is not the means by which the FLSA encourages settlements.  To the contrary, confidentiality *contravenes* the legislative intent of the FLSA.  Rather than rely on confidentiality, Congress' intent was to encourage FLSA settlements with the waiver provision found in 29 U.S.C. § 216(c), which grants an enforceable release to employers from any right an employee may have to unpaid minimum wages, unpaid overtime compensation, and liquidated damages, when an FLSA settlement agreement is approved.

841 F. Supp. 2d at 640 (internal citations omitted).

4

For those reasons, the Court will not approve of the Settlement Agreement in its current form.

### C. Attorney's Fees

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. at 336. "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." *Id.* In the Second Circuit, the fee applicant must normally submit contemporaneously prepared time records. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983) ("All applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.").

Here, the parties allocate 1/3 of the settlement amount to the Plaintiff's attorneys. (Settlement Agreement ¶ 3(a)). The parties argue that courts have deemed this amount "to be a fair and appropriate percentage." (*Id.* Ex. C at 23). The parties do not support this statement with any case citations, and do not provide the Court with any information to aid the Court in assessing the reasonableness of the fee award. Accordingly, the Court cannot approve the Settlement Agreement's allocation of attorney's fees at this time.

### II. Conclusion

For the reasons set forth above, the Court declines to approve the Settlement Agreement at this time. The parties may proceed in one of two ways:

(1) The parties may file on the public docket a revised Settlement Agreement that does not include a confidentiality provision, together with a Stipulation of Dismissal to be so ordered by the Court. If the parties choose this option, they shall also file a joint letter that (1) describes the bona fides of the dispute, and (2) explains why the settlement amount and the portion of the settlement allocated to attorney's fees are fair and reasonable. Plaintiff's counsel shall submit contemporaneous time records, and information regarding the hourly rate for all attorneys and support staff who have worked on this case.

(2) The parties may file a joint letter indicating their intention to abandon the settlement and to continue litigating this matter.

The parties must take one of the above actions within thirty (30) days of this Order.

SO ORDERED.

DATED:   New York, New York
         July 2, 2014

                                    _____/s/_____
                                         KIMBA M. WOOD
                                       United States District Judge